# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **J.O.-1 & L.O.**

**No. 16-0894** (Mingo County 16-JA-8 & 16-JA-9)

**FILED**

**June 16, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.O.-2, by counsel Susan J. Van Zant, appeals the Circuit Court of Mingo County's August 24, 2016, order terminating his parental rights to then one-year-old J.O.-1 and seven-month-old L.O.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Diana Carter Wiedel, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights to the children when he had been accepted into an inpatient drug treatment program in accordance with the instructions of the DHHR, the guardian, and the circuit court.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2016, the DHHR filed an abuse and neglect petition against the children's parents.[2] In the petition, the DHHR claimed that the children's mother and L.O. both tested positive for controlled substances at the time of L.O.'s birth. Further, the DHHR alleged that it had received a referral in October of 2015, that petitioner used controlled substances illegally with the children's mother (who was then pregnant); failed to protect his children from exposure

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Further, as petitioner and one of the children share the same initials, we use numbers (J.O.-1 and J.O.-2) to distinguish them in this memorandums decision.

[2]The petition involved another child, B.W., but petitioner acknowledges that he is not B.W.'s biological or adoptive parent. Further, petitioner appeals the circuit court's order terminating his parental rights to L.O. and J.O.-1 only. Therefore, this memorandum decision relates only to petitioner's termination of parental rights to L.O. and J.O.-1.

to controlled substances; and failed to provide proper supervision. The parents' home was reportedly "filthy[.]"

In February of 2016, the circuit court held an adjudicatory hearing. A Child Protective Services ("CPS") worker testified to the allegations in the petition. She further testified that petitioner had tested positive for Suboxone and barbiturates since the petition's filing. The evidence indicated that petitioner had been receiving Suboxone at a Suboxone clinic for more than nine months. At the conclusion of that hearing, the circuit court found that petitioner had abused and neglected his children as alleged in the petition. Petitioner moved for a post-adjudicatory improvement period. The circuit court held its ruling on that motion in abeyance pending petitioner's enrollment in a long-term, inpatient drug treatment program.

Following several continuances, the circuit court held a dispositional hearing in August of 2016. At that hearing, the CPS worker testified that petitioner had not followed through with rehabilitative efforts and recommended termination of his parental rights. Petitioner's counsel indicated that petitioner had been accepted into an inpatient drug treatment program "and I do have a letter showing [the program] ha[s] a bed available for him for the next twenty[-]four hours."[3] The circuit court questioned petitioner's counsel as to why he failed to follow through with rehabilitative efforts sooner, to which she responded that "[s]ometimes it takes a while for him to realize the gravity of the situation with his drug use and the Suboxone he's been taking[.]" The circuit court terminated petitioner's parental rights to the child by order entered on August 24, 2016.[4] This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[3]Petitioner's counsel did not submit this alleged letter into the record at that time. Only several weeks after the dispositional hearing did petitioner's counsel place a letter from a drug treatment program in the record, and that letter was dated September 20, 2016.

[4]The parental rights of both parents of J.O.-1 and L.O. were terminated below. The children are currently placed in foster care with a permanency plan of adoption into that home, unless the circuit court grants permanent placement to one of the three persons who, according to the guardian, have petitioned for custody.

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his parental rights to the children when he had been accepted into an inpatient drug treatment program at the time of the dispositional hearing. West Virginia Code § 49-4-604(a)(6) provides that a circuit court must terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. Moreover, we have held that "[t]ermination [of parental rights] . . . may be employed without the use of intervening[,] less[-]restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." *In re Katie S.*, 198 W.Va. at 82, 479 S.E.2d at 592, syl. pt. 7, in part. West Virginia Code § 49-4-604(c)(3) provides that "no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected" exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

Contrary to his claims on appeal, it is clear that petitioner had not followed through with rehabilitative efforts by the time of the dispositional hearing. Petitioner tested positive for Suboxone and barbiturates during these proceedings and was only accepted into drug treatment on the day of the dispositional hearing, according to his counsel's proffer. The evidence does not support petitioner's contention that he complied with the request of the DHHR, the guardian, and the circuit court to seek inpatient drug treatment. Petitioner was first directed to seek drug treatment five months before the dispositional hearing. As the circuit court noted at the dispositional hearing, petitioner had more than five months during the pendency of these proceedings to demonstrate his ability to improve the conditions of neglect and attend inpatient drug treatment, but he failed to do so. As such, based on the evidence presented, we find no error in the circuit court's termination of petitioner's parental rights to the children.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 24, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: June 16, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker